**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1346-22

MICHAEL A. MCDOWALL,

    Plaintiff-Appellant,

v.

MAUREEN MCDOWALL,

    Defendant-Respondent.

_____

Submitted January 30, 2024 – Decided April 4, 2024

Before Judges Haas and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-0178-17.

Michael A. McDowall, appellant pro se.

Gomperts, McDermott & Von Ellen, LLC, attorneys for respondent (Marisa Lepore Hovanec, of counsel and on the brief).

PER CURIAM

In this post-judgment matrimonial matter, plaintiff Michael A. McDowall appeals from certain provisions of the Family Part's October 4, 2022 order granting defendant Maureen McDowall's motions for enforcement and reimbursement and denying plaintiff's motions to modify custody, parenting time and child support. We affirm, substantially for the reasons set forth by Judge Nina C. Remson in her oral opinion.

Plaintiff and defendant married in 1998 and divorced in 2017. Their dual judgment of divorce incorporated a comprehensive marital settlement agreement (MSA) that resolved the outstanding issues between the parties.

The MSA provided the parties shared joint legal custody of their two sons, T.M. and R.M., with defendant the parent of primary residence and plaintiff the parent of alternate residence. Plaintiff had parenting time on alternating weekends, alternating Tuesdays and Thursdays, and an additional Wednesday each month.

The MSA provided for the allocation of T.M.'s ice hockey expenses after the 2017-2018 season. Tuition, club dues and fees were to be paid by plaintiff seventy-five percent and defendant twenty-five percent; and all travel and equipment costs were to be paid by plaintiff.

A-1346-22

The MSA also provided for the allocation of the children's health insurance and medical expenses. After defendant's payment of the first $250 of uncovered health costs per year, per child, the parties were to split the remaining costs pursuant to their pro rata share calculated in the child support guidelines, which was plaintiff's sixty percent to defendant's forty percent.

The MSA provided for allocation of the costs associated with the marital residence. Commencing May 1, 2017, defendant assumed financial responsibility for the residence, contingent on plaintiff's timely payment of alimony and child support. Defendant was also responsible for nominal repairs totaling less than $100 per occurrence. The parties were to split the costs of any repair exceeding that amount pursuant to their pro rata share calculated in the child support guidelines.

Defendant filed a motion seeking enforcement of certain provisions of the MSA, to which plaintiff filed a cross-motion. On October 7, 2020, the court entered an order that required, in pertinent part, plaintiff to reimburse defendant for his sixty percent share of R.M.'s orthodontia, $77.50 for R.M.'s 2019 baseball fees, and $1,137 for home repairs. Although plaintiff filed a notice of appeal of the order, it was dismissed.

A-1346-22

Defendant filed another motion requesting enforcement of certain provisions of the October 7, 2020 order, in addition to reimbursement of other expenses. Plaintiff opposed defendant's motion and cross-moved to modify custody and parenting time and recalculate child support and alimony.

Judge Remson ordered the parties to attend mediation, which was unsuccessful. On October 4, 2022, the judge heard argument on the motions, during which both parties presented their proofs through counsel.

Relevant to this appeal, the judge granted defendant's request for enforcement of the October 2020 order compelling plaintiff to pay sixty percent of R.M.'s orthodontic expenses and ordered plaintiff to pay defendant $3,056 within thirty days of the order (paragraphs one and two of the order). She also granted defendant's request for enforcement of the October 2020 order compelling plaintiff to pay $77.50 for R.M.'s 2019 baseball fees and $1,137 for home repairs and ordered plaintiff to pay these amounts within thirty days of the order (paragraphs nineteen and twenty). The judge further granted defendant's request for reimbursement of plumbing expenses totaling $850 and ordered plaintiff to pay his sixty percent share, which was $510, within thirty days of the order (paragraph eighteen). The judge denied without prejudice plaintiff's requests to modify custody, parenting time and child support (paragraphs nine

4

and ten) because he failed to demonstrate a prima facie showing of changed circumstances to revisit custody and parenting time. Plaintiff's request to modify child support was also denied because it was premised on a change in the parenting time schedule.

This appeal follows, wherein plaintiff appeals these paragraphs of the order.[1] On appeal, plaintiff presents the following issues for our consideration:

> POINT I
>
> TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT BECAUSE DEFENDANT DID NOT PROVIDE THE PROPER DOCUMENTATION FOR PROOF OF PAYMENT.
>
> POINT II
>
> THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT BECAUSE THE COURT MISCALCULATED THE AMOUNTS DUE FROM PROOF OF PAYMENTS PROVIDED.
>
> POINT III
>
> THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT BECAUSE DEFENDANT RECEIVED AN INSURANCE PAYMENT FOR REPAIRS OF THE HOME IN EXCESS OF THE PLUMBER BILL.

---

[1] Defendant's brief suggests plaintiff filed a notice of appeal from different paragraphs of the October 4, 2022 order, and then failed to brief those issues. We do not concur with this reading of the notice of appeal and brief.

A-1346-22

POINT IV

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT BECAUSE DEFENDANT DID NOT PROVIDE THE PROPER DOCUMENTATION FOR PROOF OF PAYMENTS TOTALING IN EXCESS OF $250.00.

POINT V

THE TRIAL COURT ERRED IN DENYING INCREASE IN PARENTING TIME AS THE TRIAL COURT DID NOT MAKE AN EFFORT TO MAKE A FINDING OF WHETHER THERE HAS BEEN SUBSTANTIAL CHANGE OF CIRCUMSTANCES AND DID NOT PROVIDE [PLAINTIFF] AN OPPORTUNITY FOR A PLENARY HEARING.

Our scope of review of Family Part orders is narrow. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We "accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters," Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting id. at 412), and we will not overturn the Family Part's findings of fact when they are "supported by adequate, substantial, credible evidence." Cesare, 154 N.J. at 412. A reviewing court will also not disturb the Family Part's factual findings and legal conclusions that flow from them unless they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ricci v. Ricci, 448 N.J. Super. 546, 564

6

(App. Div. 2017) (quoting <u>Elrom v. Elrom</u>, 439 N.J. Super. 424, 433 (App. Div. 2015)).  We review a Family Part's legal determinations de novo.  <u>Id.</u> at 565.

Having considered defendant's contentions in light of the applicable law, we conclude they lack sufficient merit to warrant extended discussion in a written opinion.  <u>R.</u> 2:11-3(e)(1)(e).  The judge's factual findings regarding documentation of payments are supported in the record; to the extent plaintiff seeks to challenge the enforcement of a prior order by attacking the prior order, he is out of time to do so.  <u>See</u> <u>R.</u> 2:4-1.  We also agree with the judge's finding plaintiff failed to establish a prima facie showing of changed circumstances that would have warranted a plenary hearing regarding modification of his parenting time.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1346-22